# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| THERESA MORALES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY SERVICES GROUP, INC., a Florida Corporation; GENUINE PARTS COMPANY, a Georgia Corporation; TOTAL AIRPORT SERVICES, LLC, a Delaware Limited Liability Company; and KHADEEJA MORSE, an individual; and DOES 1 through 60, inclusive,<br><br>Defendants. | CASE NO.<br><br>Related Action: C.D. Cal. Case No. 2:20-cv-01556-JAK-GJS |

## DECLARATION OF ROB HENNIG

I, Rob Hennig, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California and a co-managing partner at Hennig Kramer Ruiz & Singh, LLP, and counsel of record for Plaintiff Theresa Morales in this lawsuit.

2. I have personal knowledge of the facts I am hereafter attesting to. This personal knowledge has been attained either through my own observations and actions and/or through the underlying records and documents in this litigation. If called to testify, I could and would competently testify to the above facts.

3. On January 15, 2020, Plaintiff filed a complaint against Defendants Trinity Services Group ("Trinity"), Genuine Parts Company ("GPC"), and Khadeeja Morse ("Morse") in Los Angeles Superior Court, Case No. 20STCV01807. On or about January 28, 2020, Plaintiff filed a First Amended Complaint in Los Angeles Superior Court, adding Total Airport Services, LLC ("TAS") as a Defendant. On or about February 18, 2020, Defendants removed the matter to the Central District of California based on diversity jurisdiction. A true and correct copy of

1

Plaintiff's First Amended Complaint is attached hereto and incorporated herein as **Exhibit A**.

4. On December 11, 2020, Sherri Vega, a Plaintiff's former co-worker at Spring Connect, Inc. (a joint venture of Sprint Communications, Inc.), submitted a signed affidavit, declaring under the penalty of perjury that she had seen Sprint Connect receive a copy of Plaintiff's initial lawsuit by mail, from a recipient in Tampa, Florida—where Morse resided. Ms. Vega further declared that Plaintiff was not hired by Sprint Communications (after Sprint Connect operations ceased) because the receipt of Plaintiff's prior lawsuit made their supervisors think that Plaintiff was too litigious and troublesome. A true and correct copy of Sherri Vega's declaration is attached hereto and incorporated herein as **Exhibit B**.

5. Beginning in January 2021, Plaintiff began attempting to serve subpoenas pursuant to Federal Rules of Civil Procedure 45 to former employees of Sprint Connect LLC and/or Sprint/United Management Company—one of Plaintiff's places of employment subsequent to her time at Defendant Trinity. Among other individuals, Plaintiff sought the testimony of Anthony Catterson, former Senior Vice President, Retail for Dixons Carphone Warehouse—a joint venture with Sprint/United Management Company; Ronald Gier, former Vice-President, Human Resources Operations for Sprint/United Management Company; and Lori McCutchen-Kaustinen, a licensed attorney and former Head of Legal and Corporate Secretary at Spring Connect, LLC, regarding information Plaintiff believes Defendants Trinity and/or Morse sent to Sprint in violation of Plaintiff's settlement agreement with Defendants Trinity and Morse. True and correct copies of the subpoenas issued to Mr. Gier and Ms. McCutchen-Kaustinen are attached hereto and incorporated herein as **Exhibits C and D**, respectively.

6. On January 8, 2021, Plaintiff served Ronald Gier with a subpoena to testify at a deposition in a civil action. A true and correct copy of the proof of service and subpoena are attached hereto and incorporated herein as **Exhibit E**.

7. On or about January 15, 2021 Heather Hamilton, Principal Corporate Counsel for T-Mobile (Sprint had since merged with T-Mobile) sent Plaintiff an email with correspondence

informing Plaintiff that she represented the former Sprint employee Plaintiff subpoenaed and objecting to Plaintiff's subpoenas. Among other things, Ms. Hamilton stated her position that any knowledge Ms. McCutchen-Kaustinen may have regarding Plaintiff's employment at Sprint is wholly protected by the attorney-client privilege and work-product doctrine. A true and correct copy of the January 15, 2021 correspondence from Ms. Hamilton is attached hereto and incorporated herein as **Exhibit F**.

8. On or about January 20, 2021 Plaintiff emailed Ms. Hamilton to meet and confer regarding Plaintiff's subpoenas to various former Sprint employees. Plaintiff explained why each of Ms. Hamilton's objections were misplaced, easily remedied and/or mere boiler plate. Plaintiff reiterated that it had no desire to infringe upon Ms. McCutchen-Kaustinen and Sprint's attorney-client privilege. Rather, Plaintiff seeks to depose her to inquire about communications Ms. McCutchen Plaintiff believes she received regarding Plaintiff from Defendants Trinity and Morse—communications and documents that would fall outside the scope of attorney-client privilege and/or work product doctrine. Plaintiff attempted to compromise with Ms. Hamilton including, but not limited to, its offer to limit depositions to certain individuals to only sixty minutes. Plaintiff also asked if Ms. Hamilton would accept service on behalf of her clients. A true and correct copy of this January 2021 correspondence between Plaintiff and Ms. Hamilton is attached hereto and incorporated herein as **Exhibit G**.

9. Most regrettably, despite ongoing risks of COVID-19 and the general spirit of cooperation exhibited by most in the legal field, on January 25, 2021, Ms. Hamilton refused to accept service on behalf of Ms. McCutchen-Kaustinen or Mr. Gier (who had already been properly served), declaring that Ms. McCutchen "will not voluntarily appear for a deposition." Ms. Hamilton unreasonable refusal to accept service *on behalf of her own clients* has thereby necessitated easily avoidable in-person contact that increases not only the risk of COVID-19 exposure for essential workers, but also for her own clients. Ms. Hamilton merely offered to provide a declaration from Mr. Gier, stating that he had no relevant knowledge. *See* **Exhibit G.**

10. On January 27, 2021 Plaintiff again emailed Ms. Hamilton, imploring her to

accept service on behalf of Ms. McCutchen-Kaustinen in light of the ongoing pandemic, and reiterating her belief that she is entitled to depose the three witnesses listed above. *See* **Exhibit G.**

11. On or about January 29, 2021, Plaintiff served Ronald Gier with a subpoena to testify at a deposition in a civil action pursuant to Federal Rules of Civil Procedure 45. A true and correct copy of this Proof of Service and Subpoena are attached hereto and incorporated herein as **Exhibit H**.

12. On or about January 29, 2021 Plaintiff attempted service on Ms. McCutchen-Kaustinen at 8:28 am and 6:02 pm, but there was no answer at the door despite cars being in the driveway. On or about January 30, 2021, Plaintiff again attempted service on Ms. McCutchen at 12:15 pm and 4:35 pm, but was no answer at the door despite cars being in the driveway. A true and correct copy of an affidavit of non-service is attached hereto and incorporated herein as **Exhibit I**.

13. On January 30, 2021 Ms. Hamilton replied again stood on her objections and reiterated that the witnesses would not voluntarily appear for a deposition. Ms. Hamilton doubled-down on her initial willful refusal to comply with the subpoena process, and again declared that Ms. McCutchen-Kaustinen "will not voluntarily appear for a deposition." Ms. Hamilton also duplicated her objections to the second subpoena properly served on Mr. Gier, ignoring Plaintiff's offers of compromise that Mr. Gier appear virtually via Zoom for not more than one hour. *See* **Exhibit G.**

14. On or about February 10, 2021, Plaintiff again attempted service on Ms. McCutchen-Kaustinen at 7:35 am, 2:07 pm, and 6:27 pm, but was no answer at the door despite cars being in the driveway. *See* **Exhibit I**.

15. On or about February 18, 2021, Plaintiff attempted service of Ms. McCutchen at Ms. Hamilton's place of work, but was unable to effectuate service as the server was told all legal employees were working at home. The process server's messages left at Ms. McCutchen's place of employment were not returned. *See* **Exhibit I**.

16. On or about February 19, 2021, Ms. Hamilton emailed Plaintiff a letter in which she continued to state that Ms. McCutchen, Mr. Gier and Mr. Catterson would not be appearing for depositions and that Ms. Hamilton would not accept service on behalf of Ms. McCutcheon. Ms. Hamilton's email also attached declarations from the three witnesses named above stating that each individual lacked any discoverable or relevant information to Plaintiff's case. A true and correct copy of Ms. Hamilton's February 19, 2021 correspondence is attached hereto and incorporated herein as **Exhibit J**. A true and correct copy of Ms. McCutchen's declaration is attached hereto and incorporated herein as **Exhibit K**. A true and correct copy of Mr. Gier's declaration is attached hereto and incorporated herein as **Exhibit L**.

17. On or about February 22, 2021, Plaintiff and Ms. Hamilton met and conferred telephonically. Ms. Hamilton refused Plaintiff's good-faith offers to limit the deposition of Ms. McCutchen and claimed that anything Ms. McCutchen might testify to would be protected by attorney-client privilege and/or work-product doctrine. Plaintiff memorialized the conference in an email sent to Ms. Hamilton on February 22, 2021. On or about February 22, 2021, Ms. Hamilton replied to Plaintiff's email—she again refused to accept service on behalf of Ms. McCutchen and restated her objections to Plaintiff's subpoenas. On or about March 2, 2021, Plaintiff emailed Ms. Hamilton to express her position that Ms. Hamilton's objections were meritless and Ms. Hamilton had mischaracterized the parties' February 22, 2021 call. A true and correct copy of this February-March 2021 correspondence is attached hereto and incorporated herein as **Exhibit M**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, excepting those matters stated under information and belief, in which case I believe them to be true.

Executed this the 11th day of May 2021, at Los Angeles, California.

By: <u>/s/ Rob Hennig</u>

Rob Hennig