IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THERESA MORALES, </br></br> Plaintiff, </br></br> v. </br></br> TRINITY SERVICES GROUP, *et al.*, </br></br> Defendants. | Case No. 2:21-mc-00207-HLT-TJJ </br></br> Underlying Case: </br> *Morales v. Trinity Services Group, et al.*, </br> Case No. 2:20-cv-01556-JAK-GJS, </br> United States District Court for the </br> Central District of California |

### CONSENT ORDER

This matter is before the Court on the Joint Motion for Entry of Consent Order (ECF No. 11). Plaintiff Theresa Morales initiated this action on a Motion to Compel Compliance With a Subpoena and For Sanctions against Ronald Gier and Lori McCutchen-Kaustinen, an attorney licensed in the state of Kansas (ECF No. 1). Mr. Gier and Ms. McCutchen-Kaustinen are Kansas residents and non-party witnesses in the above-referenced Underlying Case. Upon review of the Joint Motion filed by counsel for Plaintiff and the non-party witnesses, the Court finds and orders as follows:

1. Plaintiff Theresa Morales has brought suit in the Central District of California against Trinity Services Group and other entities asserting various state-law theories of recovery against the defendants in that action.

2. Mr. Gier previously worked for Sprint United Management Company and Ms. McCutchen-Kaustinen previously worked for Sprint Connect, LLC, a different subsidiary in the Sprint corporate family.

3. Plaintiff also previously worked for Sprint Connect, LLC, sought employment with Sprint/United Management Company, and asserts that one or more of the defendants in the Underlying Case tortiously interfered with her employment with the Sprint entities.

4. Neither Mr. Gier, Ms. McCutchen-Kaustinen nor their former employers are parties in the Underlying Case.

5. Plaintiff sought the deposition of Mr. Gier in the Underlying Case and served him with a subpoena on January 29, 2021.[1] Mr. Gier has challenged the effectiveness of the subpoena served on him based on the failure to tender with the subpoena the witness fees described by 28 U.S.C. § 1821(1). However, in light of the agreement between Plaintiff and the non-parties, Plaintiff has withdrawn her request to depose Mr. Gier.

6. Ms. McCutchen-Kaustinen previously served as Head of Legal and Corporate Secretary for Sprint Connect, LLC. Plaintiff has made several attempts to serve Ms. McCutchen-Kaustinen but has not obtained service.[2] Ms. McCutchen-Kaustinen denies that she has evaded service of process and denies that any sanction under Federal Rule of Civil Procedure 45(g) is appropriate.

7. Ms. McCutchen-Kaustinen is, however, willing to sit for deposition if the scope of the deposition is limited to non-privileged items and does not infringe on her ethical obligations to Sprint Connect, LLC.

---

[1] ECF No. 3-8 at 2.

[2] *See* ECF No. 3.

8. Courts in this District "generally prohibit" the deposition of counsel for a party and, when they do authorize the deposition of an attorney, courts frequently limit the circumstances under which they may be deposed.[3]

9. The Underlying Matter is before the Central District of California on diversity jurisdiction. Consequently, assertions of privilege must be assessed under state law.[4]

10. Under Kansas law, the attorney-client privilege is statutory and protects communications "between an attorney and such attorney's client in the course of that relationship and in professional confidence[.]"[5] Based on the breadth of this statutory language, courts in this state tend to take a "broader approach" to attorney-client privilege than those in other jurisdictions, holding that it "protect[s] attorney's communications to his client without the qualification that the communications must contain confidential matters revealed by the client earlier to the attorney."[6]

11. Ms. McCutchen-Kaustinen previously has submitted a declaration to Plaintiff's counsel to establish the existence of the attorney-client privilege between herself and Sprint Connect, LLC.[7] Generally speaking, the proponent of the privilege must establish the existence of

---

[3] *E.g., Holick v. Burkhart,* No. 16-1188-JTM-KGG, 2018 WL 1847033, at *2 (D. Kan. Apr. 18, 2018).

[4] *Kannaday v. Ball,* 292 F.R.D. 640, 646 (D. Kan. 2013) ("Pursuant to Rule 501, state law governs the applicability and scope of attorney-client privilege in diversity actions.") (citing Fed. R. Evid. 501).

[5] Kan. Stat. Ann. 60-426(a).

[6] *Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1371 (10th Cir. 1997).

[7] *See* ECF No. 3-11.

3

the privilege with evidence and submitting such evidence, in the form of declaration or otherwise, does not constitute a waiver of that privilege.[8]

12. Plaintiff has taken the position that Ms. McCutchen-Kaustinen's testimony is critical to her case and has agreed to abide by limits intended to protect Sprint Connect, LLC's attorney-client privilege and Ms. McCutchen-Kaustinen's ethical obligations to maintain the confidence of information obtained from Sprint Connect, LLC during the course of her professional relationship with that entity.

**IT IS THEREFORE ORDERED** that Ms. McCutchen-Kaustinen's deposition shall be limited to the following topics:

A. The facts and circumstances related to any communications between Ms. McCutchen-Kaustinen and TRINITY SERVICES GROUP, INC. since July 22, 2016.

B. The facts and circumstances related to any communications between Ms. McCutchen-Kaustinen and Khadeeja Morse.

C. The facts and circumstances related to any information about Theresa Morales obtained by Ms. McCutchen-Kaustinen from anyone other than any client constituent of Ms. McCutchen-Kaustinen's, any of Sprint Connect, LLC's management level employees, and/or Sprint Connect LLC's outside counsel.

D. The facts and circumstances related to any documents received or reviewed by Ms. McCutchen-Kaustinen related to Theresa Morales that were created or provided to her by anyone who is a not a client constituent of Ms. McCutchen-Kaustinen's.

---

[8] *Cont'l Cas. Co. v. Multiservice Corp.,* No. 06-2256-CM, 2008 WL 73345, at *7 (D. Kan. Jan. 7, 2008) (privilege assertion must be supported by evidentiary materials.

E. The facts and circumstances related to the duration of Ms. McCutchen-Kaustinen's employment with Sprint Connect, LLC including any physical office space she occupied.

F. The identity of any individuals who are not (i) client constituents of Ms. McCutchen-Kaustinen, including Sprint Connect, LLC's management employees, and/or (ii) Sprint Connect LLC's outside counsel, from whom she received information about Theresa Morales.

G. The identity of any third parties contacted by Sprint Connect, LLC for the purpose of obtaining information about Theresa Morales.

H. The identity, and only the identity, of any persons with whom Ms. McCutchen-Kaustinen had an attorney-client privileged communication concerning Theresa Morales and, if known, the dates of any such communications. Disclosing the identity of any such individuals shall not constitute a waiver of the privilege as to the subject matter of the communication.

I. Paragraphs 7, 9, 10, and 12 of Ms. McCutchen-Kaustinen's declaration (ECF No. 3-11), but to the extent that any inquiry regarding these paragraphs involved privileged communications, Ms. McCutchen-Kaustinen shall reveal only the information necessary to establish the privilege under Kansas law.  Further, if any information upon which the statements in these paragraphs were based was obtained by counsel for Ms. McCutchen-Kaustinen, she need reply only that the information was obtained by counsel.

**IT IS FURTHER ORDERED** that the deposition of Ms. McCutchen-Kaustinen shall occur via Zoom or some other similar video platform and last no more than 90 minutes.  Counsel for Ms. McCutchen-Kaustinen and counsel for T-Mobile, the successor or Sprint Connect, LLC and owner of the attorney-client privilege at issue in this matter, may both attend.

**IT IS FURTHER ORDERED** that counsel for Ms. McCutchen-Kaustinen and counsel for Plaintiff shall confer regarding a convenient time for this deposition, to occur between 8:00 AM and 5:00 PM central time.

**IT IS FURTHER ORDERED** that the Motion to Compel Compliance With a Subpoena and For Sanctions (ECF No. 1) filed by Plaintiff is denied as moot.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2021, at Kansas City, Kansas.

47387639.1

_____
Teresa J. James
U. S. Magistrate Judge